UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DAVON CHRISTIAN,

       Petitioner,

                                                      Civil Action No. 14-cv-14233

v.

                                                      HON. BERNARD A. FRIEDMAN

DEWAYNE BURTON,

       Respondent.
_____/

**ORDER GRANTING PETITIONER'S
REQUEST FOR AN EXTENSION OF TIME [Docket entry 9]**

On November 3, 2014, petitioner Andre Davon Christian filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 and a motion to stay his case. The habeas petition indicated that, in 2011, petitioner pleaded guilty in Oakland County Circuit Court to bank robbery, Mich. Comp. Laws § 750.531, and unarmed robbery, Mich. Comp. Laws § 750.530. Petitioner alleged that he was sentenced to two terms of eleven to sixty years in prison, and that his sentence was upheld on appeal.

Petitioner raised several claims in his habeas corpus petition and admitted that he did not exhaust state remedies for his claims. He asked the Court to hold his habeas petition in abeyance while he exhausted available state remedies.

On November 13, 2014, the Court granted petitioner's motion for a stay, but conditioned the stay on petitioner filing a motion for relief from judgment in the state trial court within ninety days of the date of the Court's order. The Court then closed this case for administrative purposes. *See* Order Granting Motion to Stay, docket entry 7.

On November 17, 2014, petitioner filed an amended petition for the writ of habeas

corpus, but on January 29, 2015, he requested an extension of time to file his motion for relief from judgment in state court. In his request for an extension of time, petitioner appears to allege that he is confined in segregation and is not allowed to go to the prison law library, that he has no lawyer, and that he does not understand how to file a post-conviction motion in state court. He seeks (1) additional time to file his post-conviction motion in state court or (2) a blank application for the writ of habeas corpus so that he can go forward with his current issues in this Court. Accordingly,

IT IS ORDERED that petitioner's request for an extension of time [docket entry 9] is granted. Petitioner shall have an additional ninety (90) days from the date of this order to file a motion for relief from judgment in the state trial court.

IT IS FURTHER ORDERED that, if petitioner pursues post-conviction remedies in state court and is unsuccessful there, he may return to this Court and file an amended habeas corpus petition, using the same case number that appears on this order. The amended petition must be filed within ninety (90) days of exhausting state remedies, and it must be accompanied by a motion to re-open this case.

IT IS FURTHER ORDERED that, if petitioner prefers not to file a motion for relief from judgment in state court and wishes instead to continue pursuing his federal remedies, he may file a motion to re-open this case and an amended habeas corpus petition listing all the claims that

he wants the Court to consider.[1]  In the event that Petitioner chooses this option, he shall file his motion to re-open this case and an amended habeas corpus petition within ninety (90) days of the date of this order.  The Court warns petitioner that an amended petition will be subject to dismissal if it includes any claims that he did not present to the Michigan Court of Appeals and to the Michigan Supreme Court.  28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

            IT IS FURTHER ORDERED that failure to comply with this order could result in the dismissal of the petition.


Dated: February 18, 2015                S/Bernard A. Friedman
            Detroit, Michigan           BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court is enclosing a blank habeas corpus form for Petitioner's use when he is ready to re-open his case in this Court.